IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **ERIC X. RAMBERT,** | ) | |
| | ) | |
| Petitioner, | ) | |
| v. | ) | |
| | ) | |
| **VINCENT T. MOONEY** and **PA** | ) | 2:15cv1088 |
| **STATE ATTORNEY GENERAL,** | ) | **Electronic Filing** |
| | ) | |
| Respondents. | ) | |

## MEMORANDUM ORDER

AND NOW, this 15th day of December, 2016, upon due consideration of [32] petitioner Eric X. Rambert's appeal of [31] the magistrate judge's memorandum order of November 30, 2016, denying petitioner's motion for recusal, IT IS ORDERED that [32] the appeal be, and the same hereby is, denied and [31] the magistrate judge's memorandum order of November 30, 2016, is affirmed because it is neither clearly erroneous nor contrary to law. See Local Rule 72.1.3B.

The specific circumstances alleged in the appeal fall woefully short of the showing needed to warrant the extraordinary relief petitioner requests. It is beyond question that "a party's displeasure with legal rulings does not form an adequate basis of recusal." SecuraComm Consulting, Inc. v. Securacom Inc., 224 F.3d 273, 278 (3d Cir. 2000). And the sum of petitioner's allegations add up to nothing more than his dissatisfaction with formal judicial rulings made by the court. Of course, petitioner enjoys the full rights of review on all such rulings at the appropriate juncture. Thus, no basis for recusal is presented by this component of petitioner's motion/appeal.

Furthermore, as the magistrate judge aptly noted, petitioner's perception of delay in having his petition adjudicated does not identify a ground for recusal. See Baldyga v. United States, 337 F. Supp.2d 264, 269-70 (D. Mass. 2004) (delay in considering a pending matter is not a factor within the scope of the statues governing recusal). Something more is required. Id. But such circumstances are not presented by the record, notwithstanding petitioner's unfounded accusation that the magistrate judge has conspired with respondents to assure he will 1) be subject to the "torture being exacted (sic) by the Respondents inside the dungeons of Hell" and 2) remain in slavery. Appeal to District Judge (Doc. No. 32) at 3. Consequently, the magistrate judge's order of November 30, 2016, must stand.

s/David Stewart Cercone
David Stewart Cercone
U.S. District Court Judge

cc: Eric X. Rambert
AM-9223
SCI Forest
P. O. Box 945
Marienville, PA 16239

(Via First Class Mail)

Timothy Mazzocca, Esquire

(*Via CM/ECF Electronic Mail*)